# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ANTHONY D. BELL,**

    **Plaintiff,**

**v.**   Case No:   6:17-cv-960-Orl-31DCI

**FREEMAN DECORATING SERVICES, INC.,**

    **Defendant.**

## ORDER

This matter is before the Court on the Defendant's Partial Motion to Dismiss Count III of Plaintiff's Complaint and Incorporated Memorandum of Law (Doc. 7) and the Plaintiff's Memorandum in Opposition to Defendant's Partial Motion to Dismiss (Doc. 10).

## I. Background

According to the Complaint (Doc. 1), which for purposes of this Order is taken as true, the Plaintiff is a former employee of the Defendant and has been a member of Teamsters Union local # 385 ("Union") since 2000. This Union has a Collective Bargaining Agreement with the Defendant. The Plaintiff alleges that the Defendant tortiously interfered with a contractual relationship between the Plaintiff and the Union. Compl. ¶ 42. The Plaintiff claims that the Defendant knew that the Plaintiff was a member of the Union and was aware of the Plaintiff's "contractual relationship" with the Union. *Id.* ¶ 43. Because the Plaintiff believed he was the victim of racial discrimination by the Defendant, he pursued grievances against the Defendant through the Union. Apparently, the Union "initially declined to take action," until the Plaintiff pursued a claim with the National Labor Relations Board, after which the Union "pressed the

grievance on behalf of" the Plaintiff. Compl. ¶ 9. The Defendant allegedly persuaded the Union to avoid providing the Plaintiff with adequate representation in pursuing various grievances against the Defendant. *Id.* ¶ 44. The Plaintiff claims that this cost him "significant time and expense," as he "was required to press an unfair labor practice against [the Union] over its failure to provide representation." *Id.*

On May 26, 2017, the Plaintiff filed a five-count Complaint; Count III of the Complaint alleges Tortious Interference with Contract. On July 18, 2017, the Defendant filed the instant Motion, arguing that Count III should be dismissed because it is dependent on interpretation of the Collective Bargaining Agreement and is thus preempted by Section 301 of the Labor Management Relations Act, or, alternatively, because the Plaintiff is not a party to the Collective Bargaining Agreement and is therefore unable to plead "a fundamental element of tortious interference." Mot. at 2.

**II. Legal Standard**

A Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim tests the sufficiency of the complaint—it does not reach the merits of the case. *Milburn v. United States,* 734 F.2d 762, 765 (11th Cir. 1984). In ruling on a motion to dismiss, the Court accepts factual allegations as true and construes the complaint in the light most favorable to the plaintiff. *SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir. 1988). The Court limits its consideration to the pleadings and any exhibits attached thereto. Fed. R. Civ. P. 10(c); *see also GSW, Inc. v. Long Cty., Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).

Federal Rule of Civil Procedure 8(a)(2) mandates that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief," so as to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Conley v. Gibson*, 35 U.S. 41,

47 (1957), *overruled on other grounds*, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The plaintiff must allege facts that raise a right to relief above the speculative level and indicate the presence of the required elements. *Twombly*, 550 U.S. at 555; *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1302 (11th Cir. 2007). Conclusory allegations, unwarranted factual deductions, or legal conclusions masquerading as facts will not prevent dismissal. *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In *Ashcroft v. Iqbal*, the Supreme Court explained that a complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557) (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the plaintiff is entitled to relief.' " *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. Analysis

Both of the Defendant's arguments incorrectly assume the Collective Bargaining Agreement—a contractual relationship between the Defendant and the Union—is the contract with which the Plaintiff alleges tortious interference. The Complaint, however, does not state that the Defendant tortiously interfered with the Collective Bargaining Agreement. Rather, the Complaint alleges that the Defendant interfered with a contractual relationship between the Plaintiff and the Union. Compl. ¶ 44. Accordingly, both of the Defendant's arguments lack merit.

Although those arguments fail, the Court still finds that Count III is insufficiently pled under Twombly. In order to state a claim for tortious interference with contract, a Florida plaintiff must allege "(1) [t]he existence of a contract, (2) [t]he defendant's knowledge of the contract, (3) [t]he defendant's intentional procurement of the contract's breach, (4) [a]bsence of any justification or privilege, and (5) [d]amages resulting from the breach." *Johnson Enterprises of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1321 (11th Cir. 1998) (citing *Fla. Tel. Corp. v. Essig*, 468 So.2d 543, 544 (Fla. 5th DCA 1985)). The Complaint alleges that the Defendant "used multiple avenues to dissuade [the Union] from adequately representing [the Plaintiff] in pursuing grievances against [the Defendant]." Compl. ¶ 44. Merely alleging that the Defendant "dissuaded" the Union from taking a course of action—particularly when the Defendant and the Union had a contractual relationship of their own—is not enough to successfully plead tortious interference with contract. The Plaintiff fails to indicate that the Defendant's alleged behavior was unjustified or that the Defendant intentionally procured a breach of contract between the Plaintiff and the Union.

Therefore, it is ORDERED that the Defendant's Partial Motion to Dismiss Count III is **DENIED** for the reasons stated, and the Court **DISMISSES** Count III of the Complaint (Doc. 1) *sua sponte* with leave to amend. The Plaintiff may file an Amended Complaint on or before September 28, 2017, if he so wishes.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on September 13, 2017.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record