UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ANTHONY D. BELL,**

        **Plaintiff,**

**v.**                                    **Case No:  6:17-cv-960-Orl-31DCI**

**FREEMAN DECORATING SERVICES, INC.,**

        **Defendant.**

**REPORT AND RECOMMENDATION**

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:** **DEFENDANT'S VERIFIED MOTION TO TAX COSTS AND MOTION FOR NON-TAXABLE COSTS (Doc. 50)**
>
> **FILED:** September 25, 2018
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part**.

### I. Background

In September 2017, Plaintiff filed a five-count Amended Complaint asserting two Title VII discrimination claims, one for disparate treatment based on race and one for retaliation, as well as state law claims are for tortious interference with contract, slander, and libel. Doc. 16. On September 10, 2018, the Court granted Defendant's motion for summary judgment and entered judgment against Plaintiff and in favor of Defendant on all counts. Docs. 46; 49.

Thereafter, Defendant filed a single motion seeking: 1) taxable costs pursuant to Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920; 2) "non-taxable" costs pursuant to 42

U.S.C. § 1988; 3) and attorney fees.  Doc. 50 (the Motion).  Plaintiff filed a timely opposition to the Motion but opposed only the request for attorney fees and not any of the requests for costs – other than in naming the Motion as one for costs, Plaintiff failed to even mention the request for costs.  Doc. 51.  Therefore, the Motion, to the extent it requests costs, is unopposed.  *See* Doc. 13 at 5 ("Where no memorandum in opposition has been filed, the Court routinely grants the motion as unopposed."); Local Rule 3.01(b) ("Each party opposing a motion . . . **shall** file within fourteen (14) days after service of the motion . . . a response that includes a memorandum of legal authority in opposition to the request . . . .") (emphasis added).

On October 15, 2018, the Court entered an Order denying the Motion to the extent it sought attorney fees, citing to *Christiansburg Garment co. v EEOC*, 434 U.S. 412 (1978).  Doc. 54.  In that Order, the Court referred the issue of costs to the undersigned.  *Id*.  This Report follows.

**II.     Discussion**

Defendant seeks an award of costs totaling $13,721.44, which includes $9,049.55 in taxable costs pursuant to Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920 and $4,671.89 in non-taxable costs pursuant to 42 U.S.C. § 1988.  Doc. 50.  In support, Plaintiffs have provided a Bill of Costs and invoices supporting the taxable costs (Doc. 50-1) and an affidavit of attorney Susan N. Eisenberg, Defendant's attorney, attesting to the non-taxable costs and attaching invoices and receipts detailing those costs (Doc. 50-2).  The taxable costs are described as follows in the Bill of Costs:

| **Description of Cost** | **Amount** |
|---|---|
| Fees for service of summons and subpoena | $1,139.75 |
| Fees for printed or electronically recorded transcripts necessarily obtained for use in the case | $7,630.08 |

| Fees for witnesses | $45.00 |
| --- | --- |
| Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case | $234.72 |
|  |  |
| Total: | $9,049.55 |

Doc. 50-1.  As to the "non-taxable" costs, Defendant seeks the following:

| **Description of Cost** | **Amount** |
| --- | --- |
| Mediation Costs | $1,240.00 |
| Travel Costs (airfare, hotel, taxi, transportation and meals) | $3,431.89 |
|  |  |
| Total: | $4,671.89 |

Doc. 50 at 10.

      a.   <u>The Request for "Taxable" Costs</u>

Federal Rule of Civil Procedure 54(d)(1) allows for an award of costs for a prevailing party unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise. *See Durden v. Citicorp Trust Bank, FSB*, No. 3:07-cv-974-J-34JRK, 2010 WL 2105921, at *1 (M.D. Fla. Apr. 26, 2010) (stating that Rule 54 establishes a presumption that costs should be awarded unless the district court decides otherwise) (citing *Chapman v. AI Transp.*, 229 F.3d 1012, 1038 (11th Cir. 2000)).  But a district court may not award costs under Rule 54 "in excess of those permitted by Congress under 28 U.S.C. § 1920."  *Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987)).  The party seeking costs must provide sufficient detail and documentation regarding the

requested costs so that the opposing party may challenge the costs and so the court may conduct a meaningful review of the costs. *Lee v. Am. Eagle Airlines, Inc.*, 93 F. Supp. 2d 1322, 1335-36 (S.D. Fla. 2000). Failure to provide sufficient detail or supporting documentation verifying the costs incurred and the services rendered can be grounds for denial of costs. *Pelc v. Nowak*, Case No. 8:11-cv-79-T-17TGW, 2013 WL 3771233, at *5 (M.D. Fla. July 17, 2013) (citing *Johnson v. Mortham*, 173 F.R.D. 313, 318 (N.D. Fla. 1997)).

1. *Fees for Service of Subpoenas*

Defendant seeks to recover $1,139.75 for service of deposition and records subpoenas. Doc. 50 at 5-6. As with all of Defendant's requests for costs, this request is unopposed. Nevertheless, the Court has reviewed the request. The request includes additional charges for "rush service" as to five witnesses, a reduction totaling $300.00. There is no explanation or support for these "rush" fees, and the undersigned recommends that the Court disallow that portion of the request as unsupported.

2. *Fees for Printed or Electronically Recorded Transcripts*

Defendant seeks $7,630.08 in fees associated with depositions. Doc. 50 at 7-8. As with all of Defendant's requests for costs, this request is unopposed. Nevertheless, the Court has reviewed the request. Defendant has averred that the depositions taken were necessary to prepare its defense, including the motion for summary judgment. Without opposition, the undersigned takes that assertion as true. However, it appears that Defendant obtained both typed transcripts and video for the depositions, and the fees that Defendant seeks to recover include various charges, such as fees for videographers, multiple copies of electronic recordings, "litigation support packages," and expedited transcripts. Defendant has not provided any justification or support for these additional fees. Upon review, the undersigned finds that the costs associated with expedited

transcripts and the litigation package fee should be disallowed as unsupported, a reduction totaling $1,569.44.

   3. *Witness Fee*

Defendant seeks a single $45.00 witness fee. The undersigned finds that this request, which is unopposed, should be allowed.

   4. *Fees for Copies*

Defendant seeks $234.72 in fees associated with copies. Doc. 50 at 8-9. The undersigned finds that this request, which is unopposed, should be allowed. Defendant has attached the invoices associated with the copies to the Motion and has provided a sufficient explanation for the necessity of the copies in this case.

  b. <u>The Request for Non-Taxable Costs</u>

Defendant requests mediation expenses and travel expenses as "non-taxable" expenses pursuant to § 1988. However, other than conclusory statements, Defendant never explains how it may recover costs in this Title VII case pursuant to § 1988 that exceed those costs allowable under § 1920.

In this Title VII case, Defendant may indeed be entitled to an award of expenses beyond the scope of those permitted by § 1920, but to the extent such an award goes beyond the scope of that permitted by § 1920, such an award would be made within the Court's discretion pursuant to 42 U.S.C. § 2000e-5(k), which provides as follows:

> In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

Further, the determination of such an award to a prevailing defendant is guided by *Christiansburg Garment Co. v EEOC*, 434 U.S. 412 (1978).  While there exists some uncertainty in the law concerning the recovery pursuant to § 2000e-5(k) of costs as opposed to attorney fees, it appears that the entitlement to one is co-extensive with the entitlement to the other.[1]  Here, the Court has already determined that, pursuant to *Christiansburg*, Defendant is not entitled to recover an attorney fee.  The undersigned finds that the Court's determination applies equally to any cost award that would be permitted by § 2000e-5(k) and that goes beyond that allowed by § 1920.  And

---

[1] One court in this District explained as follows:

> Although there is some uncertainty as to the scope of allowable costs for a prevailing plaintiff in a Title VII action, *see U.S. E .E.O.C. v. W & O, Inc.*, 213 F.3d 600, 620-24 (11th Cir.2000) (costs awarded to prevailing plaintiff in Title VII pursuant to Section 1920); *George,* 114 F.Supp.2d at 1298-1300 (same); *Drury, supra* (same), the Court agrees with the parties that recovery of costs by a prevailing plaintiff under Title VII is not limited by 28 U.S.C. § 1920. Indeed, Title VII expressly permits recovery of "expert fees" as part of a "reasonable attorney's fee," which, on its face, is beyond the scope of costs allowed by Section 1920. 42 U.S.C. § 2000e-5(k). "Any expenses beyond the recoverable statutory costs [under Section 1920] or the fees awarded to compensate for an attorney's time should be pursued under 42 U.S.C. § 2000e-5(k)." *Stewart v. Town of Zolfo Springs,* No. 96-1142-CIV-T-25 F, 1998 WL 776848, at (M.D.Fla.1998) ( Title VI I case). These expenses are subsumed within the concept of a reasonable attorney's fee, and are only recoverable if the party is entitled to attorneys' fees as prevailing party under Section 2000e-5(k). *Id. Accord Mota v. University of Texas Houston Health Science Center,* 261 F.3d 512, 529 (5th Cir.2001) ("[i]n Title VI I cases, a district court has an additional source of authority for applying attorney's fees and costs, 42 U.S.C. § 2000e-5(k)"). Thus, the "'attorney's fee' allowed by Section 2000e-5(k) ... include[s] 'reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services, such as postage, photocopying, paralegal services, long distance telephone charges, and travel costs." *Mota,* 261 F.3d at 529. The Court applies this reasonableness standard to the costs sought by plaintiffs, and briefly addresses the substantive objections made by defendants. (Doc. 304-1 at 5-12.)

*Williams v. Consol. City of Jacksonville*, No. 3:00-CV-469-32TEM, 2006 WL 4794173, at *11 (M.D. Fla. Sept. 11, 2006), *aff'd,* 237 F. App'x 508 (11th Cir. 2007).

Defendant cited no authority for a contrary determination. Thus, the undersigned finds that Defendant is not permitted to recover any of the claimed "non-taxable" costs.

Regardless, the mediation costs sought by Defendant are not properly recoverable under either § 1920 or § 2000e-5(k). *See Holland v. Gee*, No. 8:08-CV-2458-T-33AEP, 2012 WL 5845010, at *6 (M.D. Fla. Oct. 23, 2012), *report and recommendation adopted*, No. 8:08-CV-2458-T-33, 2012 WL 5845344 (M.D. Fla. Nov. 19, 2012) (finding that "mediation costs do not fit within the ambit of expenses taxable under 28 U.S.C. § 1920 or 28 U.S.C. § 2000e–5(k) and are therefore not taxable as costs"). As to the travel costs, Defendant simply explained that these costs were "incurred," without providing justification for those costs or establishing their reasonableness in this case. As such, even if the Court did find that "non-taxable" costs were recoverable in this case pursuant to § 2000e-5(k), Defendant has not carried its burden to establish that the requested "non-taxable" costs are properly recoverable in this case.

### III. Conclusion

Based on the foregoing, the undersigned respectfully recommends that the Court grant the Motion (Doc. 50) in part, and award Defendant costs in the total amount of $7,180.11.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on November 21, 2018.

                        DANIEL C. IRICK
                        UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy